Jon B. Allison (0073955)
Trial Attorney for Plaintiff

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| WILLIAM S. HAYES<br>9288 Elizabeth Lane<br>Mason, OH 45040<br><br>Plaintiff,<br><br>v.<br><br>US FOODS, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. ____________<br><br>Judge ____________<br><br><br><br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

## PARTIES

1. Plaintiff William S. Hayes is a resident and citizen of the State of Ohio.

2. Defendant US Foods, Inc. is a Delaware corporation that does business in Hamilton County, Ohio.

3. Defendant is an employer within the meaning of state law.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant in this case and subject matter jurisdiction over the allegations in the Complaint.

5. Venue is proper in Hamilton County, Ohio because the events giving rise to this Complaint occurred in Hamilton County, Ohio.

## FACTUAL ALLEGATIONS

6. Plaintiff Hayes was born in 1960.

7. Plaintiff Hayes became employed with Defendant in 1990.

8. Plaintiff Hayes was a loyal, dedicated and highly successful employee for nearly three decades.

9. Plaintiff Hayes was promoted a number of times, including to Manager of Major Accounts in 1997, to Healthcare Manager in 2004 and to National Sales Manager in 2016.

10. Plaintiff Hayes performed at a high level in each of these roles and was fully qualified for each role.

11. This was particularly true with respect to his last role.

12. Plaintiff Hayes won a Sales Leader award trip to Mackinac Island in 2017.

13. In 2018, Plaintiff Hayes won a Sales Leader award trip to New York City.

14. Plaintiff Hayes began reporting to a new supervisor, Daryl Rosenthal, in 2018.

15. Rosenthal immediately began treating Plaintiff Hayes differently than significantly younger employees.

16. Rosenthal was abrasive, condescending, loud, sarcastic and unprofessional.

17. The poor treatment occurred routinely during meetings and other interactions.

18. Rosenthal also engaged in odd behavior.

19. At one sales meeting in the Spring of 2018, one of Plaintiff Hayes' direct reports found out that his brother died. He received a number of phone calls and was in and out of the meeting room.

20. Rosenthal approached Plaintiff Hayes and complained that his sales rep was disturbing the sales meeting. Hayes explained the situation, but Rosenthal was completely unsympathetic and wanted the disruption stopped.

21. In November of 2018, Rosenthal placed Plaintiff Hayes on a Performance Improvement Plan without warning and without reason.

22. He skipped the proper channels for approval of the plan which involved working with Human Resources.

23. Local Human Resources representatives were not even aware of the PIP.

24. Plaintiff Hayes was specifically told that Human Resources did not know about the PIP and did not approve the PIP.

25. Human Resources questioned whether the objectives outlined in the PIP were attainable.

26. This was clearly the beginning of a paper trail put in place to justify a termination decision.

27. On January 30, 2019, Rosenthal gave Plaintiff Hayes an "underperforming" rating.

28. Plaintiff Hayes had never received such a rating in three decades with the company.

29. The result was that he would not receive a raise or his annual bonus.

30. On March 5, 2019, Plaintiff Hayes was terminated and escorted immediately off the property.

31. He received numerous calls and texts from customers and colleagues who were shocked and upset over the termination.

32. While employed, Plaintiff Hayes was treated worse than significantly younger peers.

33. Plaintiff Hayes was replaced by a significantly younger and less qualified individual.

34. Defendant engages in a pattern and practice of age discrimination.

**COUNT I**

**(Age Discrimination – R.C. Chapter 4112)**

35. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

36. Plaintiff is over 40 years of age.

37. Plaintiff was fully qualified for his position at all relevant times.

38. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and terminating his employment on account of his age in violation of R.C. Chapter 4112.

39. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery.

**WHEREFORE**, Plaintiff William S. Hayes demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated;

(b) That Plaintiff be awarded all lost pay, front pay and benefits;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/Jon B. Allison
Jon B. Allison (0073955)
Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, Ninth Floor
Cincinnati, OH 45202
513-721-1975/Fax: 513-651-2570
jallison@fmr.law

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/Jon B. Allison